UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHOR CHIN LIM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALLISON MEOW SIAM LIM, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-04605-DMR<br><br>**ORDER TO SHOW CAUSE** |

On August 9, 2022, self-represented Plaintiff Khor Chin Lim filed his complaint and paid the $402 filing fee. [Docket No. 1.] On August 16, 2022, Plaintiff filed an amended complaint ("FAC"), which the Clerk's office did not process due to a filing error and instructed Plaintiff to re-file. [Docket No. 9.] Instead of re-filing the FAC, on August 29, 2022, Plaintiff filed two ex parte motions for leave to file a second amended complaint ("SAC") that would add additional defendants. [Docket No. 12, 14.] Because the FAC is most recent pleading that does not require leave to file, the court evaluates the FAC for purposes of this order.[1]

Plaintiff names multiple Defendants located in the United States and abroad.[2] Defendants Allison Meow Siam Lim and Chong Kwan Tan are individuals located in Redwood City, California ("California Defendants"). FAC ¶¶ 3-4. Three Defendants are individuals living in

---

[1] According to Plaintiff's declarations filed in support of both ex parte motions, the amendments in the SAC only seek to add new defendants and update the summons to change the address of one existing Defendant; they do not seek to add any new claims. [Docket Nos. 12-2, 14-2.] The proposed SAC filed at Docket Nos. 12 and 14 does not appear to substantively change the factual allegations. Accordingly, the court determines that the proposed SAC does not change the basis for this order to show cause.

[2] Plaintiff has requested that the Clerk serve the papers on particular Defendants located in Singapore pursuant to Federal Rule of Civil Procedure 4(f)(2)(c)(ii). [Docket No. 3, 13.]

Singapore ("Singapore Defendants"). *Id.* ¶¶ 4-6. Twenty-four Defendants are public officials and public entities in Illinois, including the State of Illinois, City of Chicago, Cook County, the Illinois Supreme Court, current and former prosecutors, police officers, and public defenders, among others ("Illinois Defendants"). *Id.* ¶¶ 7-31. One Defendant is an individual living in North Ridgeville, Ohio ("Ohio Defendant"). *Id.* ¶ 30. Plaintiff is a Malaysian citizen living in Janesville, Wisconsin. *Id.* ¶¶ 1, 41.

The FAC is confusing and difficult to follow. Plaintiff claims that all Defendants engaged in a "hub-and-spoke conspiracy," with two of the Singapore Defendants acting as the "hub" with the remaining Defendants acting as the "spokes." FAC ¶ 32. Liberally construed, the FAC details two set of events that appear to be unconnected. In the first set, Plaintiff contends that he is an heir to a large estate, which included parcels of real property in Malaysia, but that he never received his share of the inheritance. Compl. at 11-36. Instead, Defendant Allison Lim, who is Plaintiff's sister and also an heir to the estate, and Defendant Tan fraudulently usurped Plaintiff's share and used the money to purchase property, including a property in Redwood City, California. Lim also never provided Plaintiff with proceeds from selling properties in the estate in Malaysia and has unjustly benefited from the appreciation of the Redwood City property. Plaintiff also refers to a civil case in San Mateo County Superior Court but does not explain what that case is about.

In the second set of events, Plaintiff confusingly describes a series of "persecutions" against him by the Singapore Defendants. FAC at 36-62. These events range from bad grades he received from the Ohio Defendant when he taught Plaintiff in Milwaukee, Wisconsin in 1996, to a false criminal investigation and prosecution against him in Illinois state court, for which Plaintiff was found unfit to stand for trial and was sentenced to thirty months of incarceration. The FAC alleges claims for breach of fiduciary duty, an accounting of the estate, conversion, fraud and deceit, conspiracy to defraud, unjust enrichment, aiding and abetting, intentional infliction of emotional distress, 42 U.S.C. § 1983, and to set aside the criminal judgment against him in Illinois. These claims are alleged on various bases against different Defendants. Plaintiff also attaches various exhibits to his complaint that appear to be property and financial documents,

police and court records, and correspondence with third parties including the *California Law Review* and the *Stanford Law Review*.

Having liberally construed Plaintiff's papers, the court questions whether it may exercise personal jurisdiction over the Singapore, Illinois, and Ohio Defendants, and whether those Defendants are properly joined. "A district court's exercise of jurisdiction over a nonresident defendant comports with due process when the defendant has at least 'minimum contacts' with the forum and subjecting the defendant to an action in that forum would 'not offend traditional notions of fair play and substantial justice.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Also, under Federal Rule of Civil Procedure 21, the court may, at any time and upon just terms, add or drop a party or sever claims against a party. Fed. R. Civ. P. 21. Courts may sever parties who are not properly joined under Federal Rule of Civil Procedure 20, which governs permissive joinder of parties, "so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). *See* Fed. R. Civ. P. 20(a)(2) (allowing permissive joinder of defendants if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). District courts are vested with broad discretion in deciding whether to grant severance. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1297 (9th Cir. 2000).

Under 28 U.S.C. § 1631, if a district court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed." A court may sever claims against misjoined defendants over which the court lacks personal jurisdiction and, in the interests of justice, transfer the claims to a district court where jurisdiction is proper. *See Johnson v. Mitchell*, No. CV-S-10-1968, 2012 WL 691765 (E.D. Cal. Mar. 2, 2012); *Pamplona ex rel. Pamplona v. Hernandez*, No. 08CV2205, 2009 WL 578578 (S.D. Cal. Mar. 5, 2009). "When determining whether transfer is in the interest of justice, courts have considered whether the

failure to transfer would prejudice the litigant, whether the litigant filed the original action in good faith, and other equitable factors." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).

Plaintiff does not explain why personal jurisdiction over the Singapore, Illinois, and Ohio Defendants is proper in California. He asserts in conclusory fashion that the Defendants aided and abetted in the civil lawsuit in San Mateo County and are liable as co-conspirators for illegal acts taken against him in California. Compl. at 9-10. This assertion is inadequate to establish that the Singapore, Illinois, and Ohio Defendants' have minimum contacts with California. Moreover, Plaintiff's factual allegations appear to describe two wholly distinct sets of events—one involving his claims to the inheritance, and the other involving a criminal case against him in Illinois. These events do not appear to arise out of the same transaction or occurrence. Plaintiff's assertions that they are all connected to a vast conspiracy against him are vague, fanciful, and insufficient.

Accordingly, Plaintiff is ordered to show cause in writing why (1) this court may exercise personal jurisdiction over each of the Singapore, Illinois, and Ohio Defendants; (2) why the California, Singapore, Illinois, and Ohio Defendants are properly joined under Federal Rule of Civil Procedure 19; and (3) why the court should not dismiss or, alternatively, sever the claims against the Singapore, Illinois, and Ohio Defendants and transfer those claims as separate actions to respective courts with proper jurisdiction. Plaintiff must file his response within 30 days—i.e., by **September 29, 2022**. Failure to do so may result in dismissal of this action for failure to prosecute.[3]

**IT IS SO ORDERED.**

Dated: August 30, 2022



Donna M. Ryu
United States Magistrate Judge

---

[3] The court holds Plaintiff's motions for leave to file the SAC in abeyance until after Plaintiff files his response to this order. Plaintiff is reminded, however, that any new defendants added to the complaint must fall within the court's jurisdiction.

4